# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10870
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MARTINEZ-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-275-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Victor Martinez-Ramirez pleaded guilty to one count of being illegally present in the United States following deportation. The district court sentenced Martinez-Ramirez within the applicable guidelines range to 46 months of imprisonment, to be followed by a three-year term of supervised release. In his only argument on appeal, Martinez-Ramirez asserts that because the indictment did not allege his prior aggravated felony conviction,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10870

his sentence, which exceeded the two-year statutory maximum set forth in 8 U.S.C. § 1326(a), constituted a violation of his due process rights.  He concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he maintains that the reasoning of this case has been called into question by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

The Government has filed a motion for a summary affirmance or, alternatively, for an extension of time to file a merits brief.  Summary affirmance is proper when, among other instances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

As Martinez-Ramirez concedes, his due process argument is foreclosed by *Almendarez-Torres*.  Although *Apprendi* and *Alleyne* require that facts increasing the statutory maximum or minimum sentence must be submitted to a jury and proved beyond a reasonable doubt, they have preserved an exception for prior convictions.  *Alleyne*, 133 S. Ct. at 2160-64 & n.1; *Apprendi*, 530 U.S. at 489-90.  Accordingly, the Government's motion for summary affirmance is GRANTED.  The Government's alternative motion for an extension of time to file a brief is DENIED.